## Staunton.

JAMES RUSSELL MOWLES v. IDA JOSEPHINE MOWLES.

September 20, 1923.

1. DIVORCE—*Desertion—Appeal and Error—Respect Due Decree of Lower Court—Case at Bar.*—In the instant case, a suit for divorce by a husband against his wife, on the ground of desertion, although the wife's account of her grievances was most appealing, it was not clear to the Supreme Court of Appeals from the whole evidence that she had not been guilty of the willful desertion without legal justification which was charged. Certainly she was not entirely free from fault, however grievous the faults of her husband and his mother might have been. Inasmuch, however, as the burden was upon the complainant, the Supreme Court of Appeals resolved its doubts in favor of the wife, and according to the decree of the lower court, which denied the divorce, that respect which is always due to the judgment of a trial court, affirmed it.

2. ALIMONY—*Wife Not Entitled to Alimony—Wife Declining to Live in Husband's Home with His Mother—Case at Bar.*—In the instant case, a suit for divorce by a husband against his wife, the lower court denied the husband's prayer for divorce and awarded his wife alimony. The husband was dependent upon his own labor for his support. The door of the only home he had to offer stood open to her and he was ready to receive her there to share his fortunes whenever she would return. The husband's home, however, was with his mother, upon whom he felt dependent financially, and the wife avowed that she would never again live with her husband's mother. The wife was young, had no children or other dependents.

*Held:* That the wife having temporarily relieved herself of all of her wifely duties, no reason is perceived for requiring her husband to contribute to her support from his slender earnings.

3. APPEAL AND ERROR—*Costs—Divorce—Case at Bar.*—In the instant case, a suit for divorce by a husband against his wife, the lower court denied the husband's prayer for divorce and awarded his wife alimony. On appeal the decree denying the divorce was affirmed, but the decree allowing the wife alimony was reversed. There was a petition for an allowance of additional fees to counsel for the wife for services in the Supreme Court of Appeals. This prayer was denied, but the wife was awarded her costs, including the expense of printing the briefs of her counsel.

Appeal from a decree of the Circuit Court of Roanoke county.    Decree for defendant.    Complainant appeals.

*Decree denying divorce affirmed.*
*Decree awarding alimony reversed.*

The opinion states the case.

*Kime & Kime,* for the appellant.

*Hubard & Keister,* for the appellee.

Prentis, J., delivered the opinion of the court.

Any relief which the law provides for the alleviation of the matrimonial grievances of these litigants is manifestly inadequate.    Both of them profess a desire to live in obedience to their marriage vows, and as they are still quite young, there is reason to hope (if they can be saved from their friends) that they can accomplish their own reconciliation.

The husband brought this suit for a divorce from bed and board, alleging desertion, and from a decree (dated June 25, 1921), which denied the prayer of his bill, and another (dated June 27, 1921), which awarded his wife alimony, this appeal is taken.

The outstanding facts are that he took his wife to live on a small farm, with his mother, who controls the property, in which he will have an undivided interest at her death.    His mother and his wife are incompatible in temperament, and their testimony is as irreconcilable as are their differences.    Apparently, no dwelling would be large enough for them to live in peace together.    Both are jealous and lack self-control.    Each holds the other entirely blameworthy and acquits herself of all fault.

It is unnecessary to recite the sordid details.   The husband feels dependent financially upon his mother who gives him a favorable contract for their joint occupation and cultivation of the little farm, which, properly cultivated, will yield a comfortable support for all three in accordance with their standards of living.   He has no other resources, and does not desire to change his occupation or abode.   The wife long insisted that he change his occupation, or build for her another home (which he is financially unable to do), and professed her willingness to live with him anywhere, except in a house with his mother.   He being unwilling to accede to the wishes of his wife, and feeling that his mother also needed his society and services, refused to comply with his wife's demands.   The wife left his home; thereafter there was a reconciliation and she returned.   Then there were further misunderstandings and bickerings, although the wife and mother occupied different parts of the dwelling, which culminated in her again leaving the home which he had provided for her.  She still professes, however, her willingness to live with him, but avows that she will never again live with his mother.

This suit for divorce, on the ground of her desertion, followed with the result already stated.

[1] Although the wife's account of her grievances is most appealing, it is not clear to us from the whole evidence that she has not been guilty of the willful desertion without legal justification which is charged.   Certainly she is not entirely free from fault, however grievous the faults of her husband and his mother may have been.   Inasmuch, however, as the burden was upon the complainant, we shall resolve our doubts in her favor, accord to the decree which denies the divorce that respect which is always due to the judgment of a trial court, and affirm it.

[2] We take another view, however, of the decree which awarded the wife alimony. The husband is dependent upon his own labor for his support. The doors of the only home he has to offer stand open to her and he is ready to receive her there to share his fortunes whenever she will return. She is young, has no children or other dependents, and having temporarily relieved herself of all of her wifely duties no reason is perceived for requiring her husband to contribute to her support from his slender earnings.

The decree awarding alimony will, therefore, be reversed without prejudice to her right to make application therefor in future if their circumstances change and she shall be so advised.

[3] There is a petition for an allowance of additional fees to counsel for the appellee for services in this court. This prayer will be denied, but she will be awarded her costs, including the expense of printing the briefs of her counsel.

*Decree denying divorce affirmed.*
*Decree awarding alimony reversed.*